UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | No. 2:23-bk-24619-C-11 |
| BULA DEVELOPMENTS, INC., | |
| Debtor, | |
| | |
| NATASHA MORA, et al., | No. 2:25-cv-02518-DAD-SCR |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION TO WITHDRAW REFERENCE; DENYING MOVANT'S *EX PARTE* APPLICATION FOR AN EMERGECNY STAY; DENYING MOVANT'S MOTION FOR AN ORDER SHORTENING TIME; AND DENYING MOVANT'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| EVO ENTERPRISES, INC., et al., | |
| Defendants. | |
| | (Doc. Nos 1, 7, 9, 11.) |

/////

/////

/////

/////

1

This matter is before the court on movant Natasha Mora's ("movant")[1] motion to withdraw the reference of "the entire Chapter 11 case *In re Bula Developments, Inc.*, Case No. 23-24619, including Adversary Proceedings 25-02008, 25-02028, 25-02052" to the United States Bankruptcy Court for the Eastern District of California pursuant to 28 U.S.C. § 157. (Doc. No. 1.)[2]

The pending motion to withdraw reference was filed on September 3, 2025 by movant, proceeding *pro se*. (*Id.*) This matter is also before the court on movant's *ex parte* application for an emergency stay pending this court's ruling on the motion to withdraw reference (Doc. No. 7), movant's motion for an order shortening time for the court to decide the motion to withdraw reference (Doc. No. 9), and movant's motion for temporary restraining order pending the court's ruling on the motion to withdraw reference (Doc. No. 11). For the reasons set forth below, the court will deny all of movant's motions.

## BACKGROUND

The background relating to movant's request to withdraw the reference is extensive and involves numerous actions filed in state court, U.S. District Courts, and the U.S. Bankruptcy Court.

On December 26, 2023, Bula Developments, Inc. ("debtor") filed a petition for bankruptcy relief under Title 11 of the United States Code. (*In re Bula Developments, Inc.*, Case No. 2:23-bk-24619-C-11 ("*In re Bula Developments, Inc.*") Doc. No. 1.) On June 27, 2024, Walter R. Dahl was appointed to serve as Chapter 11 Trustee ("trustee"). (*In re Bula Developments, Inc.* Doc. No. 88.) Following the appointment of the trustee, plaintiffs Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan ("plaintiffs"), proceeding *pro se*, filed multiple adversary proceedings alleging various causes of actions relating to *In re Bula*

---

[1] Four *pro se* plaintiffs Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan have filed complaints in the three adversary proceedings at issue in this motion to withdraw. Of the four *pro se* plaintiffs, only movant Mora has moved to withdraw the reference. (Doc. No. 1.) The four plaintiffs are the sole shareholders of debtor Bula Developments, Inc.. (Doc. No. 10 at 2.)

[2] Docket numbers in this order reference the docket in Mora v. EVO Enterprises, Inc., No. 2:25-cv-02518-DAD-SCR unless otherwise stated.

*Developments, Inc.*, as detailed below.  The same property, referred to as 6389 Castejon Drive, La Jolla, California 92307 ("subject property"), is at issue in *In re Bula Developments, Inc.* and the three relevant adversary proceedings.

**A.     *Mora v. SBS Trust Deed Network*, No. 25-ap-02008 ("*Mora I*")**

On January 17, 2025, plaintiffs, proceeding *pro se*, filed a complaint in adversary proceeding case number 25-ap-02008 seeking to reverse the transfer of the subject property. (*Mora I* Doc. No. 1.)  Therein, plaintiffs asserted the following causes of action:  (1) injunctive relief under 11 U.S.C. § 105(a); (2) "set aside void transfer" under 11 U.S.C. § 549 due to violations of California Civil Code § 2924m; (3) "set aside void transfer" under 11 U.S.C. § 549 due to violations of California Civil Code § 2924k; (4) petition to void "unlawful detainer judgement, annul writ of possession, and rescind writ of execution"; (5) request for writ of assistance under Federal Rule of Bankruptcy Procedure 7070; (6) injunctive relief under 11 U.S.C. § 362(a) request for audit and stay of sale; and (7) "declaratory judgement and additional relief". (*Id.* at 23–35.)  In addition, plaintiffs allege that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). (*Id.* at 6.)

On May 1, 2025, this proceeding was dismissed by the assigned bankruptcy judge. (*Mora I* Doc. No. 162.)  The bankruptcy judge found that plaintiffs lacked standing because the Chapter 11 trustee "is the person with the exclusive right to sue on behalf of the corporate estate." (*Id.* at 6–7.)  The bankruptcy judge further explained that plaintiffs had been denied derivative standing on August 23, 2024 in a previous proceeding, case number 24-ap-02175. (*Id.* at 7.)  The denial of derivative standing in case number 24-ap-02175 was not appealed, and the bankruptcy judge adhered to his view that:  "the hidden agenda for this Motion for Derivative Standing is delay in order to continue living rent-free in the property for as long as possible . . .. The four individual owners' hands are sufficiently unclean that the Motion is DENIED." (*Id.*)  In the order dismissing *Mora I*, the bankruptcy judge further determined that, even if plaintiffs had standing, there was no defect in the challenged foreclosure and the challenge to the foreclosure was precluded pursuant to final orders of California courts of competent jurisdiction. (*Id.* at 15.)

/////

On May 7, 2025, the bankruptcy judge ordered the imposition of sanctions against plaintiffs pursuant to Federal Rule of Bankruptcy Procedure 9011 and ordered that, "on pain of contempt for violation, Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan must obtain permission from this Court or from the Chief Bankruptcy Judge, Eastern District of California, before filing any new case or adversary proceeding in any federal court in any venue within two years of the date this order is entered on docket." (*Mora I* Doc. No. 167 at 21.) Therein, the bankruptcy judge detailed the procedural history related to the subject property, which includes nine federal actions and at least one state court action filed by plaintiffs. (*Id.* at 2–12.) In the sanctions order, the bankruptcy judge noted that he was persuaded that plaintiffs' litigation activity in this matter was "conducted intentionally, in bad faith, and with a contemptuous attitude toward the judicial system."[3] (*Id.* at 17.)

Plaintiffs filed a motion to reconsider and objections to the dismissal order (*Mora I* Doc. No. 172), which was denied by the bankruptcy judge on June 30, 2025 (*Mora I* Doc. No. 196). The bankruptcy judge also denied plaintiffs' motion to file a first amended complaint on July 7, 2025. (*Mora I* Doc. No. 203.)

**B.    *Mora v. Marquee Funding Group Inc.*, No. 25-ap-02028 ("*Mora II*")**

On March 4, 2025, plaintiffs filed a complaint in adversary proceeding case number 25-ap-02028 seeking once again to challenge the foreclosure of the subject property, among other things. (*Mora II* Doc. No. 1.) Therein, plaintiffs asserted the following causes of action:

---

[3] On August 13, 2025, movant filed a petition for writ of mandamus and request for emergency relief in the U.S. District Court for the Eastern District of California requesting "(1) disqualification of Judge Klein from future proceedings, (2) an order vacating his sanctions order, (3) authorization for Petitioner to proceed with federal filings needed to protect her interests in the Residence, (4) a TRO or preliminary injunction preventing the auction of her personal property still in the Residence, (5) an order vacating Judge Klein's denial of derivative standing, and (6) a stay on any enforcement action related to the Trustee's Deed Upon Sale recorded for the Residence on September 13, 2024." *Mora v. United States Bankr. Ct. for E. Dist. of California, Sacramento Div.*, No. 2:25-cv-02299-TLN-SCR, 2025 WL 2495592, at *1 (E.D. Cal. Aug. 29, 2025), *report and recommendation adopted*, No. 2:25-cv-02299-TLN-SCR, 2025 WL 2897444 (E.D. Cal. Oct. 10, 2025). Movant's request for emergency relief in that action was denied and the petition was dismissed on October 10, 2025. *Mora v. United States Bankr. Ct. for E. Dist. of California , Sacramento Div.*, No. 2:25-cv-02299-TLN-SCR, 2025 WL 2897444, at *2 (E.D. Cal. Oct. 10, 2025).

4

(1) "Avoidance of Fraudulent Transfer and Recovery of Fraudulently Transferred Property under CUTVA and Bankruptcy Code" in violation of 11 U.S.C. §§ 544(b), 548, and 550 and California Civil Code §§ 3439–3439.14; (2) "Slander of Title (Fraudulent Foreclosure Filings and False Representations)" in violation of California Civil Code § 2924m; (3) "Wrongful Foreclosure (Violations of California Civil Code §§ 2924k and 2924m)"; (4) "Breach of Fiduciary Duty (as Loan Consultants, Loan Servicers, and Foreclosure Trustees)"; (5) "Fraud (Intentional Misrepresentation and Concealment of Loan Terms)"; (6) "Conspiracy to Commit Fraud and Facilitate Insider Trading"; (7) "Unjust Enrichment and Restitution for Financial Damages"; (8) "Aiding and Abetting Fraudulent Transfers"; (9) "Negligence (Professional Malpractice by Loan Consultants, Loan Servicers, and Trustee)"; (10) "Breach of Contract and Bad Faith (Loan and Foreclosure Agreements)"; (11) "Intentional Infliction of Physical and Mental Distress"; (12) "Violation of California Business and Professions Code § 17200 (Unfair Competition Law)"; (13) "Declaratory Judgement (Fraudulent Foreclosure & Contract Avoidance)"; and (14) "Violation of California Civil Code § 2941.9 (Fraudulent Mortgage Servicing Practices)". (*Id.* at 66–102.)  Plaintiffs further allege that the claims asserted in this adversary proceeding are core proceedings under 28 U.S.C. § 157(b)(1) and (2).  (*Id.* at 23–24.)

On July 2, 2025, the assigned bankruptcy judge dismissed this proceeding.  (*Mora II* Doc. No. 54.)  The bankruptcy judge took judicial notice of his prior order denying a motion for derivative standing filed by the same plaintiffs in a previous proceeding and found that their lack of standing was fatal to this proceeding.  (*Id.* at 2.)  The bankruptcy judge noted that any meritorious personal causes of action "under nonbankruptcy law . . . must be asserted and resolved in the courts of the State of California."  (*Id.*)  Plaintiffs did not appeal from this order, nor did they file a motion seeking reconsideration.

**C.    *Mora v. Evo Enterprises, Inc.*, No. 25-ap-02052 ("*Mora III*")**

On April 23, 2025, plaintiffs filed a complaint in adversary proceeding case number 25-ap-02052 to set aside the trustee's sale of construction defect claims.  (*Mora III,* Doc. No. 1.)  Therein, plaintiffs asserted the following causes of action:  (1) avoidance of fraudulent transfer (11 U.S.C. § 548(a)(1)(A) and (B)); (2) declaratory relief under 28 U.S.C. § 2201; and (3)

5

recovery under 11 U.S.C. § 550. (*Id.* at ¶¶ 23–34.) Plaintiffs also allege that these are core bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)H) and (b)(2)(K). (*Id.* at ¶ 8.)

On July 2, 2025, the assigned bankruptcy judge dismissed this proceeding. (*Mora III* Doc. No. 49.) The bankruptcy judge first considered and disposed of plaintiffs' claims on the merits and then reiterated that plaintiffs lack standing to pursue claims on behalf of the estate. (*Id.* at 3–4.) Again, plaintiffs did not appeal from this order, nor did they file a motion for reconsideration.

The pending motion to withdraw reference was filed on September 3, 2025 by movant, proceeding *pro se*. (Doc. No. 1.) On September 17, 2025, defendants Evo Enterprises, Inc., Evo Turf and Pavers, and Michael Mulder ("*Mora III* defendants") filed an opposition to movant's motion to withdraw reference. (Doc. No. 2.) On July 2, 2026, movant filed an *ex parte* application for an emergency stay pending this court's ruling on the motion to withdraw reference (Doc. No. 7) and a motion for an order shortening time requesting that this court decide the motion to withdraw reference (Doc. No. 9). On July 8, 2026, the trustee filed an opposition to movant's motion to shorten time in which he argues that movant did not have derivative standing to bring this motion. (Doc. No. 10.) On July 9, 2026, movant filed a motion for temporary restraining order pending this court's ruling on the motion to withdraw reference (Doc. No. 11) and a reply to trustee's opposition to movant's motion to shorten time (Doc. No. 12.)

## LEGAL STANDARD

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "district courts have original jurisdiction over bankruptcy cases and related proceedings," but "'each district court may provide that any or all' bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (quoting 28 U.S.C. § 157(a)); 28 U.S.C. § 1334(a), (b). A district court may "withdraw, in whole or in part, any case or proceeding referred" to the bankruptcy judges under 28 U.S.C. § 157(a) "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Withdrawal of the reference is . . . required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." *In*

*re Casmiro*, No. 1-06-cv-AWI-SMS, 2006 WL 1581897, at \*4 (E.D. Cal. June 6, 2006); see also *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented.").

**DISCUSSION**

Movant argues that the court should grant the pending motion to withdraw the reference because non-core claims predominate the proceedings, plaintiffs maintain a jury trial right for certain claims, and withdrawal is in the interest of judicial economy. (Doc. No. 1 at 6–8.) In addition, movant argues that the bankruptcy judge is biased against plaintiffs. (*Id.* at 8–9.) Movant also requests that this court grant her derivative standing over the estate claims. (*Id.* at 7.)

**A.    Derivative Standing**

For the first time in relation to the three adversary proceedings at issue in this motion to withdraw, movant requests that this court recognize her derivative standing to pursue estate claims. Notably, movant has requested and been denied derivative standing in two different adversary proceedings involving the subject property,[4] but failed to request derivative standing in *Mora I*, *Mora II*, and *Mora III* prior to bringing this motion. In the orders dismissing *Mora I*, *Mora II*, and *Mora III,* the bankruptcy judge found that plaintiffs lacked standing to bring claims on behalf of the estate.[5] (See *Mora I* Doc. No. 162 at 6–7; *Mora II* Doc. No. 54 at 2; *Mora III* Doc. No. 49 at 3–4.) The court will not construe the pending motion to withdraw reference as an appeal of the bankruptcy judge's decision to dismiss the pending adversary proceedings because plaintiffs lacked standing. *See Horowitz v. Sulla*, No. 16-ap-90015, 2016 WL 5799011, at \*3 (D. Haw. Sept. 30, 2016) ("To the extent Plaintiffs seek an end run around the dismissal of their

---

[4] Specifically, movant has been denied derivative standing in *Mora v. EVO ENTERPRISES*, No. 24-ap-02171, Doc. No. 30, and *Mora v. Bula Developments, Inc.*, No. 24-ap-02175, Doc. No. 48.

[5] The bankruptcy judge found (*Mora I* Doc. No. 162 at 7; *Mora II* Doc. No. 54 at 2; *Mora III* Doc. No. 49 at 3.), and this court agrees, that the trustee has the exclusive right to sue on behalf of the corporate estate. *See Est. of Spirtos v. One San Bernardino Cnty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1176–77 (9th Cir. 2006) (holding "that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate" and dismissing plaintiff's claims for lack of standing).

7

adversary proceeding by withdrawal of the reference, the Court will not countenance such machinations.").

Below, the court considers the motion to withdraw reference to the extent that movant has alleged any individual claims.

**B.    Timeliness of Withdrawal**

Section 157(d) allows for withdrawal on timely motion of any party. "A motion to withdraw is timely 'if it was made as promptly as possible in light of the developments in the bankruptcy proceeding.'" *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (quoting *In re Baldwin–United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)). "Courts have found a motion to withdraw the reference untimely when a 'significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where the withdrawal would have an adverse effect on judicial economy.'" *Horowitz*, 2016 WL 5799011, at *3 (quoting *Hupp v. Educ. Credit Mgt. Corp.*, No. 07-cv-01232-WQH-NLS, 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007)).

The court first considers the amount of time that has passed since movant had notice of the grounds for withdrawing the reference. At the time that movant filed the pending motion, *In re Bula Developments, Inc.* was nearly two years old, *Mora I* had been pending for nine months, *Mora II* had been pending for six months, and *Mora III* had been pending for four months. Movant argues that federal questions and non-core state law claims predominate the adversary proceedings such that withdrawal is proper. (Doc. No. 1 at 6–7.) In this regard, the grounds for withdrawal are the claims themselves and therefore movant, as a plaintiff in the adversary proceedings, had notice of the grounds for withdrawal as soon as the complaints were filed. *See Horowitz*, 2016 WL 5799011, at *3 (denying a motion to withdraw reference where the grounds for withdrawal were the claims asserted in the complaint and the plaintiffs were aware of the grounds to withdraw upon filing their complaint but delayed more than five months to move for withdrawal). Further, movant has not made any showing that changed circumstances justify her delayed motion to withdraw the reference. *See In re Grace Miles*, No. 10-c-00940-SBA, 2010 WL 3719174, at *2 (N.D. Cal. Sept. 17, 2010) (denying the plaintiff's motion to withdraw where

8

the plaintiff delayed close to a year in filing the motion, the plaintiff was aware of the grounds for withdrawal, and the plaintiff did not make any showing of changed circumstances justifying withdrawal).

Next the court considers whether withdrawal would serve judicial economy. As detailed above, the assigned bankruptcy judge has ruled on numerous motions filed by movant in these and other proceedings involving the subject property. Judicial economy would not be served by withdrawing the reference at this juncture given the assigned bankruptcy judge's extensive involvement in the various related proceedings. *See In re Eagan Avenatti LLP*, No. 8:19-bk-13560-SC, 2021 WL 5868317, at *3 (C.D. Cal. Dec. 10, 2021) (finding the motion to withdraw the reference untimely because significant developments occurred in the adversary proceeding and granting withdrawal would have an adverse effect on judicial economy); *In re Grace Miles*, 2010 WL 3719174, at *2 ("[W]ithdrawing the reference at this juncture, after extensive proceedings already have taken place, would likely have an adverse [effect] on judicial economy and the administration of justice.").

Moreover, movant delayed in filing this motion to withdraw the reference until after the plaintiffs had received multiple adverse rulings, including the dismissal of these adversary proceedings, which strongly suggests forum shopping on the part of movant. *See In re Eagan Avenatti LLP*, 2021 WL 5868317, at *3 (noting that the defendants did not file the motion to withdraw until after several of their motions were denied, which suggested they may be forum shopping); *In re Woodside Grp., LLC*, No. 10-cv-00222-VBF, 2010 WL 11596179, at *2 (C.D. Cal. May 21, 2010) ("Because Defendants did not move to withdraw the reference until after the resolution of the preliminary injunction matter against them, there are also concerns that their request is motivated by forum shopping."); *In re McClure*, No. 8:22-cv-01337-FWS, 2022 WL 17721587, at *4 (C.D. Cal. Dec. 15, 2022) (denying a motion to withdraw reference in light of the moving party's participation in the case and delay in filing the motion, which raised concerns of forum shopping).

Based on the foregoing, the court finds that movant's pending motion to withdraw the reference is untimely.

**B.    Whether Withdrawal Is Mandatory**

Movant argues that her claims present non-core state law claims and substantial federal questions and that she has a right to a jury trial on her claims for fraud, breach of fiduciary duty, negligence, and emotional distress.  (Doc. No. 1 at 6–7.)  In making these arguments, movant appears to suggest that withdrawal of the reference is mandatory here.

1.    Consideration of Non-Bankruptcy Federal Law

Section 157(d) requires withdrawal, on timely motion, "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  The Ninth Circuit has explained in dicta that § 157 "*mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law[,]" while permissive withdrawal does not "hinge on the presence of substantial and material questions of federal law."  *Sec. Farms*, 124 F.3d at 1008, 1008 n.4 (emphasis in original).  "Numerous courts have held that withdrawal is only mandatory where a case presents issues that require the interpretation as opposed to mere application of a non-title 11 statute."  *In re Ruby's Diner, Inc.*, No. 8:18-bk-13311-SC, 2021 WL 4572001, at *1 (C.D. Cal. June 2, 2021); *see also In re Tamalpais Bancorp*, 451 B.R. 6, at 8–9 (collecting cases).  The burden rests with the movant to show that withdrawal is mandatory.  *See In re Solano*, No. 17-cv-02158-FMO, 2017 WL 8180597, at *3 (C.D. Cal. June 19, 2017) (finding that the movant did not carry his burden to show mandatory withdrawal where he failed to argue how his non-core causes of action require any material or significant interpretation of non-bankruptcy law); *In re Ruby's Diner, Inc.*, 2021 WL 4572001, at *2 ("Defendants have failed to demonstrate that the FAC presents issues requiring interpretation, as opposed to application, of provisions of the Internal Revenue Code."); *In re Tamalpais Bancorp*, 451 B.R. at 10 (finding that mandatory withdrawal was not appropriate where the moving party failed to "identify any novel issues of federal non-bankruptcy law that are likely to arise in the adversary proceeding").

Movant does not specify which of her twenty-four claims brought across the three adversary proceedings present issues she believes require the interpretation as opposed to the mere application of non-bankruptcy federal law.  Indeed, movant's argument is confusing in this

10

regard, since all of her claims are brought pursuant to U.S.C. Title 11, the Federal Rules of Bankruptcy Procedure, and California law.  (*See Mora I* Doc. No. 1 at 23–35; *Mora II* Doc. No. 1 at 66–102; *Mora III* Doc. No. 1 at ¶¶ 23–34.)  Movant also argues in conclusory fashion that her claims present substantial federal questions regarding securities laws, racketeering under 18 U.S.C. §§ 1961–1968, and federal Constitutional violations. (Doc. No. 1 at 6–7.)  However, as noted, movant's claims are not brought pursuant to federal securities laws, the racketeering statutes, or the federal Constitution.  To the extent movant is contending that there are complex issues of state law and bankruptcy law involved in these proceedings, that is an insufficient basis upon which to claim that withdrawal of the reference is mandatory.  *In re Woodside Grp., LLC*, 2010 WL 11596179, at *4 (finding the movant made an insufficient showing that withdrawal was mandatory because the complex issues appeared "to be ones of state law and bankruptcy law rather than federal tax law").  Therefore, the court concludes that withdrawal of the reference is not mandatory under this theory because movant has not carried her burden of showing that this case requires material consideration of non-bankruptcy federal law.

This should end the matter pending before this court.  However, out of an abundance of caution and in light of her *pro se* status, below the court will address a final issue suggested by movant for the first time in her most recent filings.

2.      Consideration of Non-Core State Law Claims and Jury Trial Right

For the first time in these adversary proceedings, movant appears to raise an objection to the bankruptcy judge's jurisdiction based upon a contention that these proceedings involve non-core claims and a right to jury trial. (Doc. No. 1 at 6–7.)  In this regard, movant now argues that at issue are non-core claims which "include wrongful foreclosure under California law, violations of foreclosure procedure, appraisal negligence and fraud, and related torts." (Doc. No. 1 at 6.)  Movant contends that withdrawal of the reference is mandatory because she has a Seventh Amendment right to jury trial on her claims for fraud, breach of fiduciary duty, negligence, and emotional distress. (*Id.* at 7.)  Movant states, again for the first time in these adversary proceedings, that she does not consent to the bankruptcy judge's jurisdiction for purposes of jury trial. (*Id.*)  Movant does not specify which of the specific causes of actions in which specific

11

adversary proceeding she is referring to in advancing these arguments, but all appear to relate to the claims alleged in *Mora II*. Further, *Mora II* is the only adversary proceeding in which the bankruptcy judge noted that, to the extent plaintiffs may be attempting to bring individual claims, those claims were properly brought in state court. (*Mora II* Doc. No. 54 at 2.) Otherwise, the adversary proceedings were dismissed because plaintiffs lacked standing to bring claims on behalf of the estate. (*Mora I* Doc. No. 162 at 7; *Mora III* Doc. No. 49 at 3–4.)

As noted above, the court considers the question of consent out of an abundance of caution. For the reasons explained below, movant has almost certainly waived this objection by failing to raise it before the bankruptcy judge in a timely manner. In any event, movant's arguments are unpersuasive because, to the extent she has a jury trial right with respect to her claims, she impliedly consented to the bankruptcy judge's jurisdiction.

Title 28 U.S.C. § 157 provides for the bankruptcy judge's jurisdiction in core and non-core proceedings. Bankruptcy judges are authorized to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," subject to appellate review by the district court. 28 U.S.C. § 157(b)(1); *Wellness Int'l Network, Ltd.*, 575 U.S. at 670. Bankruptcy courts have more limited authority in non-core proceedings: "They may 'hear and determine' such proceedings, and 'enter appropriate orders and judgments,' only 'with the consent of all the parties to the proceeding.'" *Id.* at 671 (quoting 28 U.S.C. § 157(c)). "[Section] 157(c)(2) expressly provides that bankruptcy courts may enter final judgments in non-core proceedings 'with the consent of all the parties to the proceeding.'" *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 567 (9th Cir. 2012) (quoting 28 U.S.C. § 157(c)(2)), *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). "Absent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*." *Wellness Int'l Network, Ltd.*, 575 U.S. at 671 (quoting § 157(c)(1)).

Consent to "adjudication by a bankruptcy court" need not be express. *Wellness Int'l Network, Ltd.*, 575 U.S. at 683–84 (holding that neither the Constitution nor the statute mandate express consent). "[T]he key inquiry is whether 'the litigant or counsel was made aware of the

12

need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." *Id.* at 685 (quoting *Roell v. Withrow*, 538 U.S. 580, 590 (2003)). The Ninth Circuit has previously held "that a debtor's decision to file an adversary proceeding in bankruptcy court, and his failure to object to the court's jurisdiction prior to the time it rendered judgment against him, meant that 'he consented to the court's jurisdiction.'" *In re Bellingham Ins. Agency, Inc.*, 702 F.3d at 567 (quoting *Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir.1990)).

Here, movant filed the three adversary proceedings in bankruptcy court and alleged that the claims asserted therein were core bankruptcy claims. (*Mora I* Doc. No. 1 at 6; *Mora II* Doc. No. 1 at 23–24; *Mora III* Doc. No. 1 at ¶ 8.) Movant was clearly aware of the distinction between core and non-core claims, and the need to consent with respect to non-core claims, because all of the adversary complaints cited to 28 U.S.C. § 157 when stating that they raise core bankruptcy claims. (*Id.*) Moreover, it is clear that movant was aware of the option to file outside of the bankruptcy court because she filed claims related to the subject property in San Diego County Superior Court and the U.S. District Court for the Southern District of California.[6] In short, movant initiated adversary proceedings in the bankruptcy court, alleged that the bankruptcy court had jurisdiction, sustained multiple adverse rulings in the bankruptcy court, and only now is arguing that the bankruptcy court did not have jurisdiction. This is a sufficient basis upon which for this court to find that movant impliedly consented to the bankruptcy judge's jurisdiction and the court does so find. *See In re Empire Land, LLC v. Empire Partners, Inc.*, No. 6:10-ap-01319-CB, 2016 WL 5890062, at *2 (C.D. Cal. Oct. 7, 2016) ("A showing of 'sandbagging,' i.e. belatedly raising an objection to jurisdiction only if and when a matter is not decided in a party's

---

[6] For example, on January 6, 2025, movant filed a complaint in the U.S. District Court for the Southern District of California, asserting one cause of action under the Fourteenth Amendment Due Process Clause, and alleging that the action related to an unlawful detainer case adjudicated in San Diego County Superior Court involving the subject property, captioned *Black Horse Capital Inc. v. Bula Developments Inc.*, Case Number: 24UD012825C. *Mora v. Black Horse Cap. Inc.*, No. 3:25-cv-00017-RBM-AHG, 2025 WL 255459, at *1 (S.D. Cal. Jan. 21, 2025) (describing the procedural history of the underlying state court case in which movant's claims were rejected and finding that the district court did not have jurisdiction by virtue of the *Rooker-Feldman* doctrine).

13

favor, is sufficient to show implied consent, but is not necessary.") (quoting *In re Pringle*, 495 B.R. 447, 458 (B.A.P. Ninth Cir. 2013)); *In re West*, 126 F. App'x 418, 419 (9th Cir. 2005) (finding the *pro se* appellant's objection to the bankruptcy court's jurisdiction failed because the appellant chose to file the proceeding in bankruptcy court and did not raise the objection in a timely manner)[7].

Further, in light of movant's implied consent to bankruptcy jurisdiction, she cannot belatedly demand a jury trial before the district court following the bankruptcy judge's dismissal of the adversary proceedings. *See In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) ("[E]ven if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address whether trial is necessary at all."); *In re Bellingham Ins. Agency, Inc.*, 702 F.3d at 568 (finding implied consent to the bankruptcy judge's jurisdiction and waiver of a jury trial before a district court where the district court construed the defendant's demand for a jury trial as a motion to withdraw the reference but the defendant petitioned to stay consideration of the motion to withdraw reference so that the bankruptcy court might adjudicate the trustee's motion for summary judgement); *In re Jafroodi*, No. 2:24-cv-07969-JFW, 2024 WL 5274618, at *6, 8 (C.D. Cal. Nov. 15, 2024) (denying motion to withdraw the reference as untimely and finding that by demanding a jury trial in their answers, defendants admitted they were on notice of the possibility that they could seek a jury trial and were therefore on notice of the need to file a motion to withdraw).

Based on the foregoing, the court finds that movant clearly consented to the bankruptcy judge's jurisdiction and that withdrawal of the reference is also not mandatory based upon

/////

/////

/////

/////

/////

---

[7] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

14

movant's belated suggestion that she did not consent to the bankruptcy judge's jurisdiction over any non-core claims.[8]

**C.      Allegation of Bias**

Movant argues that the bankruptcy judge is biased because he imposed a two-year prefiling restriction on plaintiffs. (Doc. No. 1 at 8.) The court presumes that movant is referring to the sanctions order entered by the bankruptcy judge in *Mora I* discussed above and that movant is contending that the sanctions order supports withdrawal of the reference.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Recusal is only warranted if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1220 (9th Cir. 2014) (quoting *Liteky*, 510 U.S. at 555).

Movant has already challenged the prefiling restriction imposed by the bankruptcy judge by way of a petition for writ of mandamus in this district court and that petition was denied. *See Mora*, 2025 WL 2897444, at *2. The assigned magistrate judge in that case thoroughly reviewed the record and found that movant's "vexatious history supports the restrictions imposed by Judge Klein." *Mora*, 2025 WL 2495592, at *7–8. The assigned district judge in that case subjected the magistrate judge's findings and recommendations to *de novo* review and adopted them in their entirety. *Mora*, 2025 WL 2897444, at *2. This court concludes that plaintiff's unsupported allegation of bias does not support withdrawal of the reference.

/////

/////

---

[8] Section 157(d) also provides for permissive withdrawal of the reference on the district court's "own motion or on timely motion of any party". 28 U.S.C. § 157(d). The court declines to exercise its discretion to permit permissive withdrawal in light of its finding that movant's motion is untimely, that withdrawal would not promote judicial economy, and that movant may well be engaged in forum shopping. *See Horowitz*, 2016 WL 5799011, at *5 (D. Haw. Sept. 30, 2016) (declining to permit permissive withdrawal because "judicial economy, uniformity in bankruptcy administration, and reducing forum shopping all weigh in favor of denying the Motion.").

**CONCLUSION**

For the reasons set forth above,

1.    Movant's motion to withdraw the reference (Doc. No. 1) is DENIED;

2.    Movant's *ex parte* application for an emergency stay (Doc. No. 7), movant's motion for an order shortening time (Doc. No. 9), and movant's motion for temporary restraining order (Doc. No. 11) are DENIED as having been rendered moot by this court's order denying movant's motion to withdraw reference;

3.     The Clerk of the Court is directed to transmit a copy of this order to the United States Bankruptcy Court for the Eastern District of California, for filing as a related document on the docket of the bankruptcy case 2:23-bk-24619, and adversary proceedings 25-ap-02008, 25-ap-02028, and 25-ap-02052; and

4.    The Clerk of the Court is also directed to close case No. 2:25-cv-02518-DAD-SCR.

IT IS SO ORDERED.

Dated:    **July 10, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE